**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARNO ABRAMIAN, | Case No.: 1:25-cv-00320-SKO (HC) |
| Petitioner, | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| v. | |
| | FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| UNITED STATES OF AMERICA, | |
| Respondent. | [TWENTY-ONE DAY OBJECTION DEADLINE] |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He is in the custody of the Bureau of Prisons at the Federal Correctional Institution in Mendota, California. He filed the instant federal petition on March 17, 2025, challenging his sentence pursuant to 28 U.S.C. § 2241. (Doc. 1.) For reasons that follow, the Court finds that it lacks jurisdiction to consider his claims. Therefore, the Court will recommend the petition be SUMMARILY DISMISSED.

**I.     PRELIMINARY REVIEW**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The provisions of Rule 4, which are applicable to § 2241 petitions under Rule 1(b), provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the

1

judge must dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

## II.     BACKGROUND

On May 17, 2021, Petitioner pled guilty in the United States District Court for the Central District of California to two counts of a twenty-seven count indictment charging bank fraud in violation of 18 U.S.C. §1344(2) and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). United States v. Abramian, No. 2:20-cr-00227-PA (C.D. Cal. 2023).[1] On October 25, 2021, Petitioner was sentenced to a term of 81 months in federal prison followed by three years supervised release. Id.

On January 9, 2023, Petitioner filed a motion to vacate the sentence pursuant to 28 U.S.C. § 2255. Id. On August 31, 2023, the District Court denied the motion. On October 6, 2023, Petitioner appealed. Id. On October 2, 2024, the Ninth Circuit Court of Appeals affirmed the judgment. Id.

On March 17, 2025, Petitioner filed the instant habeas petition in this Court. Petitioner challenges his sentence, claiming: 1) he should be re-sentenced to a downward departure under the "Smith variance"; and 2) he should be re-sentenced to no supervised release after completion of his term of imprisonment. (Doc. 1 at 3.)

## III.    DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Jones v. Hendrix, 599 U.S. 465, 469 (2023); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163; Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Jones, 599 U.S. at 469; Grady v. United States, 929 F.2d 468, 470 (9th

---

[1] United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (a court may take judicial notice of its own records in other cases, as well as other courts' records).

2

Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez, 204 F.3d at 865. "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

An exception exists by which a federal prisoner may seek relief under § 2241, referred to as the "savings clause" or "escape hatch" of § 2255. Jones, 599 U.S. at 474; Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864-65. "[T]he saving clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." Jones, 599 U.S. at 478. "[I]f - and only if – § 2255's remedy by motion is 'inadequate or ineffective to test the legality of his detention'" may a prisoner proceed under § 2241. Jones, 599 U.S. at 471 (quoting 28 U.S.C. § 2255(e)); Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012). To show § 2255 constitutes an "inadequate and ineffective" remedy, a petitioner must: (1) make a claim of actual innocence; and (2) show he has never had an 'unobstructed procedural shot' at presenting the claim. Shephard v. Unknown Party, Warden, FCI Tucson, 5 F.4th 1075, 1076 (9th Cir. 2021); Ivy v. Pontesso, 328 F.3d 1057, 1059-1060 (9th Cir. 2003); Harrison, 519 F.3d at 959; Stephens, 464 F.3d at 898; *accord* Marrero, 682 F.3d at 1192. Here, Petitioner fails on both prongs.

First, Petitioner does not claim actual innocence for purposes of bringing a § 2241 petition under the savings clause. To show actual innocence, Petitioner must demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012) (citation omitted). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Id. (citation omitted). Petitioner claims the district court erred in denying his request to be re-sentenced. The claim has nothing to do with factual innocence.

1  Second, Petitioner cannot demonstrate he was denied an unobstructed procedural shot at presenting his claims. To determine whether Petitioner never had an unobstructed procedural shot to pursue his claim, the Court considers "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (quotations omitted); see also Jones, 599 U.S. at 477-78 (holding § 2241 is not available for collateral attacks on federal sentences based on intervening changes in statutory interpretation because § 2255(h) only allows second and successive § 2255 motions that rely on "newly discovery evidence" or "a new rule of constitutional law").

Petitioner presented his claims to the sentencing court in his § 2255 motion to vacate. See Abramian, No. 2:20-cr-00227-PA (ECF No. 200). In his motion, Petitioner alleged, *inter alia*, his defense counsel was ineffective in failing to request a Smith variance and in failing to properly research the effect of his immigration status on his eligibility for prison programs. Id. The district court rejected the claims as time-barred and frivolous. The court noted that "in addition to being untimely, Petitioner's admissions made during his plea colloquy, when combined with the statements of prior counsel, render Petitioner's claims 'palpably incredible.'" Id. at 5. Thus, not only was the factual basis for his claim available, but it was also considered and rejected by the district court as well as the Ninth Circuit Court of Appeals on appellate review.

In summary, Petitioner fails to put forth a claim of actual innocence, and he has already received an unobstructed procedural opportunity to present his claims. The petition does not qualify for the savings clause and should be dismissed.

The Court notes that transferring the petition to the Central District of California would not be in the interest of justice because the petition is a second and successive Section 2255 motion. See Cruz-Aguilera v. INS, 245 F.3d 1070, 1074 (9th Cir. 2001). As a second and successive Section 2255 motion, the petition must first be certified by the court of appeals. See 28 U.S.C. § 2255(h).

**IV.   ORDER**

IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

4

**V.     RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **March 20, 2025**                    /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE