UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNO ABRAMIAN,<br><br>        Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | No. 1:25-cv-00320-KES-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>Doc. 4 |

      Petitioner Arno Abramian is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On March 20, 2025, the assigned magistrate judge issued findings and recommendations to dismiss the petition for lack of jurisdiction. Doc. 4. Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. No objections have been filed, and the deadline to do so has expired.

      In accordance with the provisions of 28 U.S.C. § 636 (b)(1), the Court has conducted a de

1

novo review of the case. Having carefully reviewed the file, the Court concludes that the findings and recommendations are supported by the record and proper analysis. The magistrate judge correctly construed the petition as one brought pursuant to 28 U.S.C. § 2255, rather than § 2241, because petitioner is challenging his sentence, rather than the "manner, location, or conditions of that sentence's execution." Doc. 4 at 3, 5. "If [a § 2241] petition is a disguised § 2255 motion, [an appeals court] lacks jurisdiction to hear it absent a" certificate of appealability. *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008); *see* 28 U.S.C. § 2253(c)(1)(B). The magistrate judge also correctly found that petitioner had failed to establish a basis for jurisdiction under § 2241 pursuant to the "savings clause" of § 2255.

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. Where, as here, the Court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the Court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In the present case, the Court finds that reasonable jurists would not find the Court's determination that the petition should be denied debatable or wrong, or that the petition deserves encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability.

///
///
///
///

Accordingly,

1. The findings and recommendations issued on March 20, 2025, Doc. 4, are adopted in full;
2. The petition for writ of habeas corpus is dismissed for lack of jurisdiction;
3. The Clerk of Court is directed to close the case; and
4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  April 30, 2025

UNITED STATES DISTRICT JUDGE

3